IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, PLANNED PARENTHOOD CENTER FOR CHOICE, PLANNED PARENTHOOD SEXUAL HEALTHCARE SERVICES, PLANNED PARENTHOOD WOMEN'S HEALTH CENTER, WHOLE WOMAN'S HEALTH, AUSTIN WOMEN'S HEALTH CENTER, KILLEEN WOMEN'S HEALTH CENTER, SOUTHWESTERN WOMEN'S SURGERY CENTER, WEST SIDE CLINIC, INC., ROUTH STREET WOMEN'S CLINIC, HOUSTON WOMEN'S CLINIC, each on behalf of itself, its patients and physicians, ALAN BRAID, M.D., LAMAR ROBINSON, M.D., PAMELA J. RICHTER, D.O., each on behalf of themselves and their patients; | § § § § § § § § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION |
| | § | NO. 1:13-cv-862 |
| v. | § | |
| | § | |
| GREGORY ABBOTT, Attorney General of Texas; DAVID LAKEY, M.D., Commissioner of the Texas Department of State Health Services; MARI ROBINSON, Executive Director of the Texas Medical Board; DAVID ESCAMILLA, County Attorney for Travis County; CRAIG WATKINS, Criminal District Attorney for Dallas County; DEVON ANDERSON, District Attorney for Harris County; MATTHEW POWELL, Director of the Lubbock County Criminal District Attorney's Office; JAMES E. NICHOLS, County Attorney for Bell County; JOE SHANNON, JR., Criminal District Attorney for Tarrant County; RENE GUERRA, Criminal District Attorney for Hidalgo County; SUSAN D. REED, Criminal District Attorney for Bexar County; ABELINO REYNA, Criminal District Attorney for McLennan County; JAIME ESPARZA, District Attorney for El Paso County; each in their official capacities, as well as their employees, agents, | § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

---

**STATE DEFENDANTS' ORIGINAL ANSWER**

---

Defendants Gregory Abbott, Attorney General of Texas, David Lakey, M.D., Commissioner of the Texas Department of State Health Services, and Mari Robinson, Executive Director of the Texas Medical Board (collectively, "State Defendants") file their Original Answer to Plaintiffs' Complaint and Application for Preliminary and Permanent Injunction and would respectfully show the Court the following:

## STATE DEFENDANTS' ANSWER

State Defendants reserve the right to assert any affirmative defenses or jurisdictional challenges to Plaintiffs' Complaint and Application for Preliminary and Permanent Injunction that are arguable under the law and become apparent during the course of this litigation. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, and subject to any such affirmative defenses or jurisdictional challenges, State Defendants deny each and every allegation contained in the Complaint except for those expressly admitted. In several instances, State Defendants have identified statements in the Complaint that are legal conclusions or non-factual statements. No response to these legal conclusions or non-factual statements is required, however, if such response is required, State Defendants deny such legal conclusions and non-factual statements. The numbered paragraphs and titles set forth herein correspond to the paragraphs and titles within the Complaint.

## I.     PRELIMINARY STATEMENT

1.     State Defendants deny that Texas House Bill No. 2 ("HB 2") has the purpose and effect of forcing health centers throughout the state to stop providing abortions. State Defendants deny that HB 2 imposes medically unwarranted and

burdensome requirements that will reduce access to abortion in Texas. State Defendants deny that HB 2's requirements are unconstitutionally vague and unintelligible. State Defendants deny that HB 2 will harm Texas women. State Defendants deny that HB 2 will violate Plaintiffs' and their patients' rights guaranteed by the Fourteenth Amendment to the United States Constitution.

2.     State Defendants admit that HB 2 requires that all physicians who perform abortions have "active admitting privileges" at a hospital providing obstetrical or gynecological health care services not further than 30 miles from the location at which an abortion is performed or induced (the "admitting privileges requirement"). State Defendants deny that HB 2 requires providers to follow an outdated medication abortion regimen. State Defendants admit that HB 2 establishes minimum standards for ambulatory surgical facilities. State Defendants deny the remaining allegations in this paragraph.

3.     State Defendants admit that HB 2 was signed by Governor Rick Perry on July 18, 2013. State Defendants admit that certain provisions of HB 2 take effect on October 29, 2013. State Defendants deny the remaining allegations in this paragraph.

4.     State Defendants deny that HB 2 will force more than one-third of the state's licensed abortion facilities to stop offering abortions, and further deny that HB 2 will eliminate services in Fort Worth, Harlingen, Killen, Lubbock, McAllen, and Waco. State Defendants deny that HB 2 will force other facilities to decrease the number of abortions they provide. State Defendants deny that many women will be unable to obtain a medication abortion. State Defendants deny that HB 2 will be devastating for Texas

women. State Defendants deny that HB 2 will deny women living west of Interstate 35 and East of El Paso access to abortions. State Defendants deny that HB 2 will force at least one in twelve women to have to travel more than one-hundred miles to obtain abortion care. State Defendants deny that if HB 2 takes effect women will be unable to obtain abortion care.

5.      State Defendants deny that HB 2 violates the constitutional rights guaranteed to Plaintiffs and their patients by the Fourteenth Amendment to the United States Constitution. State Defendants deny that the injunctive relief sought by Plaintiffs is necessary to protect the health of the women of Texas and the constitutional rights of Plaintiffs and their patients.

## II.      JURISDICTION AND VENUE

6.      State Defendants admit that this action is brought pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Whether the Court has jurisdiction over this action is a legal conclusion to which no response is required.

7.      State Defendants admit that 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, authorize declaratory and injunctive relief. Whether the Court is authorized to order declaratory and injunctive relief in this action is a legal conclusion to which no response is required.

8.      State Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

### III.    PLAINTIFFS

9.    State Defendants lack knowledge or information sufficient to form a belief about the services offered by Planned Parenthood of Greater Texas Surgical Health Services ("PP Greater Texas"), the qualifications or locations of persons providing abortions for PP Greater Texas, or the protocol used by PP Greater Texas to provide medication abortions.  State Defendants admit that PP Greater Texas is licensed to perform abortions in Fort Worth, Dallas, Waco, and Austin.  State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

10.    State Defendants lack knowledge or information sufficient to form a belief about the services offered by Planned Parenthood Center for Choice ("PP Houston"), the locations where such services are offered, the qualifications or locations of persons providing abortions for PP Houston, or the protocol used by PP Houston to provide medication abortions.  State Defendants admit that PP Houston is licensed to perform abortions.  State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

11.    State Defendants lack knowledge or information sufficient to form a belief about the services offered by Planned Parenthood Sexual Healthcare Services ("PP San Antonio"), the locations where such services are offered, the qualifications or locations of persons providing abortions for PP San Antonio, or the protocol used by PP San Antonio to provide medication abortions.  State Defendants admit that PP San Antonio is licensed to perform abortions.  State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

12.	State Defendants lack knowledge or information sufficient to form a belief about the services offered by Planned Parenthood Women's Health Center ("PP Lubbock"), the qualifications or locations of persons providing abortions for PP Lubbock, or the protocol used by PP Lubbock to provide medication abortions. State Defendants admit that PP Lubbock is licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

13.	State Defendants lack knowledge or information sufficient to form a belief about the services offered by Whole Woman's Health ("WWH"), the qualifications or locations of persons providing abortions for WWH, or the protocol used by WWH to provide medication abortions. State Defendants admit that WWH is licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

14.	State Defendants lack knowledge or information sufficient to form a belief about the services offered by Austin Women's Health Center ("AWHC") and Killeen Women's Health Center ("KWHC"), the qualifications or locations of persons providing abortions for AWHC or KWHC, or the protocol used by AWHC or KWHC to provide medication abortions. State Defendants admit that AWHC and KWHC are licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

15.	State Defendants lack knowledge or information sufficient to form a belief about the services offered by Southwestern Women's Surgery Center ("SWSC"), the qualifications or locations of persons providing abortions for SWSC, or the protocol used

by SWSC to provide medication abortions. State Defendants admit that SWSC is licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

16. State Defendants lack knowledge or information sufficient to form a belief about the services offered by West Side Clinic, Inc. ("West Side"), the qualifications or locations of persons providing abortions for West Side, or the protocol used by West Side to provide medication abortions. State Defendants admit that West Side is licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

17. State Defendants lack knowledge or information sufficient to form a belief about the services offered by Routh Street Women's Clinic ("Routh Street"), the qualifications or locations of persons providing abortions for Routh Street, or the protocol used by Routh Street to provide medication abortions. State Defendant admit that Routh Street is licensed to perform abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

18. State Defendants lack knowledge or information sufficient to form a belief about the services offered by Houston Women's Clinic, the qualifications or locations of persons providing abortions for Houston Women's Clinic, or the protocol used by Houston Women's Clinic to provide medication abortions. State Defendants admit that Houston Women's Clinic is licensed to perform abortions. State Defendants deny the other allegations in this Paragraph.

19.     State Defendants admit that Alan Braid, M.D. is a physician licensed to practice medicine in the State of Texas and is board-certified in obstetrics and gynecology. State Defendants lack knowledge or information sufficient to form a belief about the services provided by Dr. Braid, the locations where such services are offered, or the protocol used by Dr. Braid to provide medication abortions. State Defendants deny the other allegations in this Paragraph.

20.     State Defendants admit that Lamar Robinson, M.D. is a physician licensed to practice medicine in the State of Texas. State Defendants lack knowledge or information sufficient to form a belief about Dr. Robinson's professional experience, the services provided by Dr. Robinson, the locations where such services are offered, or the protocol used by Dr. Robinson to provide medication abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

21.     State Defendants admit that Pamela J. Richter, D.O. is a physician licensed to practice medicine in the State of Texas. State Defendants lack knowledge or information sufficient to form a belief about Dr. Richter's professional experience, the services provided by Dr. Richter, the locations where such services are offered, or the protocol used by Dr. Richter to provide medication abortions. State Defendants deny the alleged effects of HB 2 and the other allegations in this Paragraph.

## IV.     DEFENDANTS

22.     State Defendants admit that Gregory Abbott is the Attorney General of Texas, that this lawsuit is brought against him in his official capacity, and that Plaintiffs

have provided his correct business address. Abbott's constitutional and statutory authority is a legal conclusion to which no response is required.

23. State Defendants admit that David Lakey, M.D., is the Commissioner of the Texas Department of State Health Services (the "Department" or "DSHS"), that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. The Department's constitutional and statutory authority is a legal conclusion to which no response is required.

24. State Defendants admit that Mari Robinson is the Executive Director of the Texas Medical Board (the "Board"), that this lawsuit is brought against her in her official capacity, and that Plaintiffs have provided her correct business address. The Board's constitutional and statutory authority is a legal conclusion to which no response is required.

25. State Defendants admit that David Escamilla is the County Attorney for Travis County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Escamilla's constitutional and statutory authority is a legal conclusion to which no response is required.

26. State Defendants admit that Craig Watkins is the Criminal District Attorney for Dallas County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Watkins' constitutional and statutory authority is a legal conclusion to which no response is required.

27. State Defendants admit that Devon Anderson is the District Attorney for Harris County, that this lawsuit is brought against her in her official capacity, and that

Plaintiffs have provided her correct business address. Ms. Anderson's constitutional and statutory authority is a legal conclusion to which no response is required.

28. State Defendants admit that Matthew Powell is the Director of the Lubbock County Criminal District Attorney's Office, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Powell's constitutional and statutory authority is a legal conclusion to which no response is required.

29. State Defendants admit that James E. Nichols is the County Attorney for Bell County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Nichols' constitutional and statutory authority is a legal conclusion to which no response is required.

30. State Defendants admit that Joe Shannon, Jr. is the Criminal District Attorney for Tarrant County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Shannon's constitutional and statutory authority is a legal conclusion to which no response is required.

31. State Defendants admit that Rene Guerra is the Criminal District Attorney for Hidalgo County, that this lawsuit is brought against her in her official capacity, and that Plaintiffs have provided her correct business address. Ms. Guerra's constitutional and statutory authority is a legal conclusion to which no response is required.

32. State Defendants admit that Susan D. Reed is the Criminal District Attorney for Bexar County, that this lawsuit is brought against her in her official

capacity, and that Plaintiffs have provided her correct business address. Ms. Reed's constitutional and statutory authority is a legal conclusion to which no response is required.

33.     State Defendants admit that Abelino Reyna is the Criminal District Attorney for McLennan County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Reyna's constitutional and statutory authority is a legal conclusion to which no response is required.

34.     State Defendants admit that Jaime Esparza is the District Attorney for El Paso County, that this lawsuit is brought against him in his official capacity, and that Plaintiffs have provided his correct business address. Mr. Esparza's constitutional and statutory authority is a legal conclusion to which no response is required.

## V.     FACTUAL ALLEGATIONS

35.     State Defendants admit that Section 2 of HB 2 amends Subchapter A, Chapter 171 of the Texas Health and Safety Code by adding §171.0031. State Defendants deny the other allegations in this paragraph.

36.     State Defendants admit that Section 3 of HB 2 amends Chapter 171 of the Texas Health and Safety Code by adding Subchapter D, Section 171.063. State Defendants deny the other allegations in this paragraph.

37.     State Defendants deny that abortion is an incredibly safe medical procedure. State Defendants deny that abortion is one of the safest procedures in contemporary medical practice. State Defendants deny that major complications from

abortion are extremely rare.  State Defendants deny that abortion through the 21st week of pregnancy is significantly safer than continuing pregnancy to term and giving birth.

38.     State Defendants lack knowledge or information sufficient to form a belief about the alleged reasons that women seek abortions.  State Defendants lack knowledge or information sufficient to form a belief about the alleged statistics regarding abortions performed in the United States and women having abortions.

39.     State Defendants lack knowledge or information sufficient to form a belief about the alleged statistics regarding abortions performed in Texas and Texas residents having abortions.

40.     State Defendants admit that abortions are performed by surgery or by taking medication.  State Defendants admit that the abortion drug mifepristone is commonly known as "RU-486" or by its commercial name Mifeprex.  State Defendants deny that taking mifepristone and misoprostol as alleged in this paragraph is current practice and/or an extremely safe and effective method of abortion.  State Defendants deny that medication abortions are typically available through 63 days LMP.

41.     State Defendants admit that abortions are performed by surgical means. State Defendants lack knowledge or information sufficient to form a belief about the locations where surgical abortions take place.  State Defendants admit that surgical abortions are done through insertion of instruments through the vagina and into the uterus.  State Defendants deny the other allegations in this paragraph.

42.     State Defendants lack knowledge or information sufficient to form a belief about the locations where physicians provide abortions, the availability of abortion

services in less populous areas, the presence of physicians at facilities on the days when abortions are performed, and whether physicians travel from other locations to provide abortion services.

43.     State Defendants lack knowledge or information sufficient to form a belief about whether physicians maintain other practices in addition to their abortion practice and are available to the abortion facilities they work with on a limited basis.  State Defendants lack knowledge or information sufficient to form a belief about whether facilities utilize several physicians on a part-time basis.

44.     State Defendants lack knowledge or information sufficient to form a belief about the allegation that it is difficult to recruit physicians to work in abortion facilities. State Defendants deny the allegation that many physicians who provide abortions cannot live in the same community as the health centers at which they work.  State Defendants lack knowledge or information sufficient to form a belief about the other allegations in this paragraph.

45.     State Defendants admit that abortions in Texas are performed primarily in clinics licensed as abortion facilities or licensed ambulatory surgical centers.  State Defendants lack knowledge or information sufficient to form a belief about the clinics that Plaintiffs operate.  State Defendants admit that there are approximately thirty-six licensed facilities and that these facilities perform approximately 80,000 abortions altogether every year.

46.     The extent to which abortion services in Texas are subject to extensive regulation is a legal conclusion to which no response is required.  State Defendants admit

that a patient is required to undergo a counseling session provided in part by the physician who will perform the abortion prior to obtaining an abortion. State Defendants admit that this counseling session must take place in person unless the patient lives more than 100 miles from an abortion provider.

47.     State Defendants admit that a patient is required to undergo an ultrasound prior to obtaining an abortion, and the physician who is to perform the abortion must show and describe the ultrasound image to the patient. State Defendants admit that if the patient lives within 100 miles of any abortion provider, she must wait 24 hours after the ultrasound before undergoing the abortion procedure. State Defendants admit that the patient may waive the 24-hour waiting period by certifying that she lives more than 100 miles from any licensed abortion provider.

48.     State Defendants admit that any facility in Texas where ten or more abortions are performed in a month must be licensed as an abortion facility. The extent to which abortion services in Texas are subject to extensive regulation is a legal conclusion to which no response is required. State Defendants admit that licensed abortion facilities are subject to regulations addressing patient care, infection control, personnel, physician qualifications, emergency protocols, recordkeeping, reporting, and physical plant requirements. State Defendants admit that licensed abortion facilities are subject to inspections by the Texas Department of State Health Services at least once per year.

49.     State Defendants admit that any abortion where the gestational age is 16 weeks or greater must be performed in an ambulatory surgical center or in a hospital

licensed to perform the abortion. The extent to which abortion services in Texas are subject to extensive regulation is a legal conclusion to which no response is required. State Defendants admit that these facilities are subject to regulations addressing patient care, infection control, personnel, physician qualifications, emergency protocols, recordkeeping, reporting, and physical plant requirements.

50. State Defendants deny that HB 2 will have the effects alleged in this paragraph.

51. State Defendants deny that HB 2 is medically unwarranted. State Defendants deny that abortion care is so safe that it very rarely requires hospitalization. State Defendants further deny that in instances where hospitalization occurs, Plaintiffs' current practices are more than adequate to ensure patient safety and comport with the standard of care for outpatient procedures.

52. State Defendants deny that serious complications from abortions are exceedingly rare. State Defendants lack knowledge or information sufficient to form a belief about the alleged percentage of abortion patients that experience a complication that requires hospitalization. State Defendants deny that in the vast majority of cases, complications can be safely and appropriately managed at the health center.

53. State Defendants admit that licensed abortion facilities are required to provide patients with written discharge instructions. State Defendants admit that the written discharge instructions must contain a list of complications that warrant contacting the facility, a statement of the facility's plan to respond to the patient in the event of any of the listed complications, and that the patient also must be able to contact the facility

and reach a health care professional on a 24-hour basis by telephone answering machine or service.

54.     State Defendants admit that abortion facilities are required to have written protocol for managing medical emergencies and the transfer of patients requiring further care to a hospital.  State Defendants admit that abortion facilities are required to have a working arrangement with a physician with admitting privileges at a local hospital.  State Defendants admit that ambulatory surgery centers must have written transfer agreements with a hospital for transfer of patients, unless all of the physicians performing surgery have admitting privileges at a local hospital.  State Defendants deny the other allegations in this paragraph.

55.     State Defendants deny that it is an unlikely for a patient to experience a serious complication that requires hospitalization while at Plaintiffs' abortion facilities. State Defendants lack knowledge or information sufficient to form a belief about how Plaintiffs respond to a patient who experiences serious medical complications that require hospitalization.

56.     State Defendants deny that in most cases concerns or complications experienced by a patient after she has left a facility following a surgical abortion, or during a medication abortion, can be addressed over the telephone by a qualified health processional or through a return visit to the health center.  State Defendants further deny that additional or after-hours care is rarely necessary.  State Defendants lack knowledge or information sufficient to form a belief about how Plaintiffs respond to instances where additional or after-hours care is necessary.

57.     State Defendants deny the allegation that whether an abortion provider has admitting privileges at that hospital does not affect the quality of care that the patient receives.  State Defendants lack knowledge or information sufficient to form a belief about whether hospital emergency rooms are capable of handling any complications from abortion and whether hospital emergency rooms will involve an appropriate specialist, such as an obstetrician-gynecologist.  State Defendants deny that continuity of care can be maintained by direct telephone communication between the abortion provider and the emergency room physician and further deny that maintaining continuity of care does not require that the abortion provider have admitting privileges.  State Defendants deny that the alleged practices are standard medical practice and will ensure that the emergency room physician is aware of the extent of the complication, prior treatment, and medication received.

58.     State Defendants lack knowledge or information sufficient to form a belief about the distances that Plaintiffs' patients travel to receive abortion care at their facilities.  State Defendants deny the allegations in this paragraph regarding the appropriate course of action if a patient experiences a serious complication when she is not at the facility.  State Defendants lack knowledge or information sufficient to form a belief about the allegation that for many of Plaintiffs' patients the nearest emergency room would not be one within 30 miles of the abortion facility.  State Defendants deny that it is irrelevant whether a patient's physician has admitting privileges at a hospital within 30 miles of the facility.

59.     State Defendants lack knowledge or information sufficient to form a belief about the allegation that many physicians providing abortions in Texas, including some physician Plaintiffs and some physicians who work with the provider Plaintiffs, do not have admitting privileges at a hospital within 30 miles of the abortion facility.  State Defendants deny the other allegations in this paragraph.

60.     State Defendants deny that the admitting privileges requirement of HB 2 effectively gives local hospitals veto power over Plaintiffs' ability to provide abortion care to women in Texas.  State Defendants admit that physicians applying for privileges cannot control whether any local hospital will grant their applications.  State Defendants deny that physicians applying for privileges cannot control whether they are in compliance with HB 2.  State Defendants admit that hospitals in Texas have discretion to set the qualifications for their medical staff and in granting privileges.  State Defendants deny that hospitals in Texas can grant or refuse privileges on the basis of their own rules and regulations.  State Defendants deny that the admitting privileges requirement makes Plaintiffs' ability to provide abortion services subject to the discretion of local hospitals.

61.     State Defendants admit that hospitals in Texas have varying requirements for privileges.  State Defendants lack knowledge or information sufficient to form a belief about the requirements for privileges alleged in this paragraph.  State Defendants deny that requirements for privileges are unrelated to a physician's ability to provide high-quality abortion care.

62.     State Defendants lack knowledge or information sufficient to form a belief about whether physician Plaintiffs and the physicians who provide abortions at the

provider Plaintiffs who do not have privileges within 30 miles of their facilities began the process of applying for privileges.

63.     State Defendants lack knowledge or information sufficient to form a belief about whether a physician must request an application or "pre-application" from the hospital, along with a copy of the by-laws, or other documents specifying the requirements for privileges.

64.     State Defendants admit that hospitals in Texas are permitted up to 170 days from receipt of an application to inform the physician about the decision on the application.

65.     State Defendants lack knowledge or information sufficient to form a belief about whether Plaintiffs are undertaking efforts to obtain privileges for themselves and physicians who work at their facilities and whether or not all of them have been able to secure privileges at this time.  State Defendants lack knowledge or information sufficient to form a belief about the allegation that it is unlikely that Plaintiffs will receive notice as to whether their application is granted until well after HB 2 takes effect.

66.     State Defendants deny that the term "active admitting privileges" is unclear and that Plaintiffs cannot be sure whether the privileges they are seeking to obtain will bring them into compliance with HB 2.  State Defendants deny the other allegations in this paragraph.

67.     State Defendants admit that Texas women have had the option of choosing between surgical abortion and medication abortion.   State Defendants deny the

allegations in this paragraph regarding the safety and effectiveness of surgical abortions and medication abortions. State Defendants deny the other allegations in this paragraph.

68. State Defendants deny that HB 2 dramatically restricts women's access to medication abortion. State Defendants deny that HB 2's medication abortion restrictions are written in an unclear and unintelligible manner. State Defendants deny that HB 2 denies women a safe and effective procedure for no medical reason. State Defendants deny that HB 2 will significantly threaten the health of some women with certain medical conditions. State Defendants deny that HB 2 forces women who choose medication abortion to have an outdated, less effective procedure that will have increased side effects. State Defendants deny that HB 2 greatly increases the cost of the procedure and imposes unnecessary burdens, some of which pose risks to their health.

69. State Defendants lack knowledge or information sufficient to form a belief about the reasons women choose medication abortion. State Defendants deny the other allegations in this paragraph.

70. State Defendants admit that the U.S. Food and Drug Administration ("FDA") approved the drug mifepristone as an abortion-inducing drug and that the FDA approved a Final Printed Labeling ("FPL") describing a regimen for mifepristone through 49 days LMP. State Defendants deny the other allegations in this paragraph.

71. State Defendants admit that mifepristone is the only medication that has received FDA approval as an abortion-inducing drug and the only medication with an FPL describing an abortion regimen.

72.     State Defendants deny that it is standard practice for physicians to prescribe FDA-approved drugs in dosages and for indications that were not specifically approved or contemplated by the FDA.  State Defendants deny that the FDA has repeatedly acknowledged that use of such evidence-based regimens that vary from an FPL is common and is sometimes required by good medical practice.

73.     State Defendants deny that the FDA has never required that prescribers of mifepristone follow a particular regimen and has never imposed a gestational age limit on its use.

74.     State Defendants deny that by the time mifepristone was approved in 2000, newer research showed that a lower dose of mifepristone combined with a different dose and route of self-administered misoprostol was an equally safe regimen and was effective through at least 63 days LMP.  State Defendants deny that this research showed that varying the route of misoprostol administration decreased side effects.  State Defendants deny that from the time mifepristone was approved the overwhelming majority of abortion providers in the United States offered their parents a regimen different from one on the FPL through at least 63 days LMP.

75.     State Defendants deny that the regimen described in this paragraph is the most commonly used regimen across the country, including in Texas.

76.     State Defendants lack knowledge or information sufficient to form a belief about the number of women who have safely used an alternative evidence-based mifepristone regimen to terminate their pregnancies.  Defendants deny that ACOG, the World Health Organization, and the Royal College of Obstetricians and Gynecologists

have all endorsed use of an alternative regimen through 63 days LMP. State Defendants deny that medication abortion is increasingly prevalent and chosen by more women each year.

77. State Defendants deny that the evidence-based regimens used by Plaintiffs have been shown to be more effective than the FPL regimen. State Defendants deny that the alternative regimens have the advantages alleged in this paragraph. State Defendants deny the other allegations in this paragraph.

78. State Defendants admit that HB 2 allows physicians to follow the regimen set forth in the FPL. State Defendants deny that the regimen set forth in the FPL is outdated and that it denies women the benefit of advances in the science of medication abortion. State Defendants admit that the FPL regimen is limited to 49 days LMP, and that under the FPL women are directed to take 600 mg of mifepristone, and 400 ug of misoprostol orally at the facility. State Defendants deny the allegations in this paragraph regarding evidence-based protocols.

79. State Defendants deny that HB 2 is more restrictive than the FPL. State Defendants admit that HB 2 requires the physician who gives, sells, dispenses, administers, provides, or prescribes the abortion-inducing drug to do certain things at the follow-up visit not more than 14 days after administration or use of the drug. State Defendants deny the other allegations in this paragraph.

80. State Defendants admit that HB 2 allows physicians to provide an abortion-inducing drug in the dosage amount prescribed by the clinic management guidelines defined by the American Congress of Obstetricians and Gynecologists Practice Bulletin

as those guidelines existed on January 1, 2013. State Defendants deny that this provision of HB 2 does not provide adequate guidance as to how to comply with HB 2.

81.     State Defendants deny that the ACOG Practice Bulletin of Clinical Management Guidelines related to Medical Management of Abortion states the recommendations alleged in this paragraph.

82.     State Defendants deny that the ACOG recommendation describes a regimen that uses a different route of administration of misoprostol than the FPL or a different gestational age limit. State Defendants deny that the language of HB 2 does not reflect the content of the ACOG guideline. State Defendants further deny that it is not clear which parts of the Guideline a physician can rely on to deviate from the FPL.

83.     State Defendants deny that prohibiting medication abortion after 49 days LMP will be particularly dangerous for women with certain medical conditions.

84.     State Defendants deny that HB 2 will make it difficult or impossible for many women seeking medication abortions through 49 days to do so. State Defendants deny the other allegations in this paragraph.

85.     State Defendants admit that HB 2 will increase the required number of visits to an abortion provider for some women seeking an abortion. State Defendants deny the other allegations in this paragraph.

86.     State Defendants deny that HB 2 will deprive women of benefits of newer regimens and greatly increase both the cost and the burden of a medication abortion. State Defendants deny that HB 2 has no medical benefit. State Defendants deny that HB 2 causes medical harm.

87.    State Defendants lack knowledge or information sufficient to form a belief about the number of physicians who perform abortions in Texas, the locations where physicians provide abortion services, and whether the same physician is available for required visits for a medication abortion.

88.    State Defendants deny that HB 2 places onerous requirements on women and providers.  State Defendants deny that HB 2 will have the effects alleged in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I
**(Patients' Substantive Due Process/Admitting Privileges and Medication Abortion)**

89.    State Defendants are not required to respond to the statements in this paragraph.

90.    State Defendants deny the allegations in this paragraph.

91.    State Defendants deny the allegations in this paragraph.

### COUNT II
**(Vagueness/Admitting Privileges)**

92.    State Defendants are not required to respond to the statements in this paragraph.

93.    State Defendants deny the allegations in this paragraph.

94.    State Defendants deny the allegations in this paragraph.

### COUNT III
**(Procedural Due Process/Admitting Privileges)**

95.     State Defendants are not required to respond to the statements in this paragraph.

96.     State Defendants deny the allegations in this paragraph.

97.     State Defendants deny the allegations in this paragraph.

## COUNT IV
### (Substantive Due Process – Unlawful Delegation/Admitting Privileges)

98.     State Defendants are not required to respond to the statements in this paragraph.

99.     State Defendants deny the allegations in this paragraph.

100.    State Defendants deny the allegations in this paragraph.

## COUNT V
### (Vagueness/Medication Abortion)

101.    State Defendants are not required to respond to the statements in this paragraph.

102.    State Defendants deny the allegations in this paragraph.

103.    State Defendants deny the allegations in this paragraph.

## REQUEST FOR RELIEF

State Defendants are not required to admit or deny the relief requested by Plaintiffs, but deny that the admitting privileges requirement and the medication abortion provisions of Texas House Bill No. 2 are unconstitutional, and further deny that Plaintiffs are entitled to any relief whatsoever.

Date:   October 18, 2013                              Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Solicitor General
State Bar No. 24075463

ANDREW S. OLDHAM
Deputy Solicitor General

ARTHUR C. D'ANDREA
BETH KLUSMANN
PHILIP A. LIONBERGER
MICHAEL P. MURPHY
Assistant Solicitors General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697
jonathan.mitchell@texasattorneygeneral.gov

COUNSEL FOR DEFENDANTS
GREGORY ABBOTT, DAVID LAKEY,
M.D., AND MARI ROBINSON

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2013, this document was served on counsel of record, via the Court's CM/ECF Document Filing System and/or electronic mail.

R. James George, Jr.
Elizabeth von Kreisler
Rico Reyes  *via electronic mail*
GEORGE BROTHERS KINCAID &
HORTON LLP
1100 Norwood Tower
114 West 7th Street
Austin, TX 78701
(512) 495-1400
(512) 499-0094
jgeorge@gbkh.com
evonkreisler@gbkh.com
rreyes@gbkh.com

*Attorneys for all Plaintiffs*

Janet Crepps   *via electronic mail*
Esha Bhandari  *via electronic mail*
Jennifer Sokoler  *via electronic mail*
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(864) 962-8519 (Janet Crepps)
(917) 637-3600 (Bhandari & Sokoler)
jcrepps@reprorights.org
ebhandari@reprorights.org
jsokoler@reprorights.org

*Attorneys for Plaintiffs Whole Woman's
Health, Austin Women's Health Center,
Killeen Women's Health Center, Southwestern
Women's Surgery Center, West Side Clinic,
Inc., Alan Braid, M.D., Lamar Robinson,
M.D., and Pamela J. Richter, D.O.*
Helene T. Krasnoff
Alice Clapman  *via electronic mail*
Planned Parenthood Federation of America
1110 Vermont Ave., N.W., Suite 300
Washington, D.C. 20005

(202) 973-4800
helene.krasnoff@ppfa.org
alice.clapman@ppfa.org

*Attorneys for Planned Parenthood
Plaintiffs*

Brigitte Amiri  *via electronic mail*
Renée Paradis  *via electronic mail*
ACLU Foundation
Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7897
bamiri@aclu.org
rparadis@aclu.org

Rebecca L. Robertson  *via electronic mail*
American Civil Liberties Union of Texas
1500 McGowen Street, Suite 250
Houston, TX 77004
(713) 942-8146
rrobertson@aclutx.org

*Attorneys for Plaintiffs Routh Street Women's
Clinic, Houston Women's Clinic, and
Southwestern Women's Surgery Center*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Solicitor General