UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, PLANNED PARENTHOOD CENTER FOR CHOICE, PLANNED PARENTHOOD SEXUAL HEALTHCARE SERVICES, PLANNED PARENTHOOD WOMEN'S HEALTH CENTER, WHOLE WOMAN'S HEALTH, AUSTIN WOMEN'S HEALTH CENTER, KILLEEN WOMEN'S HEALTH CENTER, SOUTHWESTERN WOMEN'S SURGERY CENTER, WEST SIDE CLINIC, INC., ROUTH STREET WOMEN'S CLINIC, HOUSTON WOMEN'S CLINIC, each on behalf of itself, its patients and physicians, ALAN BRAID, M.D., LAMAR ROBINSON, M.D., PAMELA J. RICHTER, D.O., each on behalf of themselves and their patients;<br>　　　　　　　　　　　　　　Plaintiffs, | § § § § § § § § § § § § § § § § § | |
| v. | § § | CIVIL ACTION<br>NO. 1:13-cv-862 |
| GREGORY ABBOTT, Attorney General of Texas; DAVID LAKEY, M.D., Commissioner of the Texas Department of State Health Services; MARI ROBINSON, Executive Director of the Texas Medical Board; DAVID ESCAMILLA, County Attorney for Travis County; CRAIG WATKINS, Criminal District Attorney for Dallas County; DEVON ANDERSON, District Attorney for Harris County; MATTHEW POWELL, Director of the Lubbock County Criminal District Attorney's Office; JAMES E. NICHOLS, County Attorney for Bell County; JOE SHANNON, JR., Criminal District Attorney for Tarrant County; RENE GUERRA, Criminal District Attorney for Hidalgo County; SUSAN D. REED, Criminal District Attorney for Bexar County; ABELINO REYNA, Criminal District Attorney for McLennan County; JAIME ESPARZA, District Attorney for El Paso County; each in their official capacities, as well as their employees, agents,<br>　　　　　　　　　　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § | |

### STATE DEFENDANTS' TRIAL BRIEF
### REGARDING FEDERAL RULE OF EVIDENCE 807

The declarations submitted by the State (D.E. 60.1-60.8) should be admitted under Federal Rule of Evidence 807, the residual exception to the hearsay rule.  Rule 807 permits the admission of hearsay statements if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."  Defendants' proffered declarations satisfy this standard.

- **Guarantees of Trustworthiness**—The declarations have circumstantial guarantees of trustworthiness, as each was made under the penalty of perjury, each was made by a non-party to the lawsuit, each declarant was aware of the litigation and the possibility that he might be cross-examined in the future, and much of the testimony can be readily verified by reference to the scientific articles cited. *See Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 113 (3d Cir. 2001); *see also United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011) ("[A] court must find that the declarant of the . . . statement was particularly likely to be telling the truth when the statement was made." (internal quotation marks omitted)).  Moreover, it cannot be disputed that the declarations contain the opinions of the declarants, expert and otherwise.  The plaintiffs

may disagree with those opinions, but the declarations themselves are a faithful rendition of what the declarants would say if testifying live.

- **Evidence of a Material Fact**—The declarations concern material facts in this lawsuit, including the medical reasons for regulating RU-486 and for requiring admitting privileges for abortion-performing physicians. These facts are relevant and material, as the mere disagreement between experts in the medical field is enough to require a judgment for the State. State Defs.' Trial Brief 31 (quoting *Gonzales v. Carhart*, 550 U.S. 124, 163 ("The Court has given state and federal legislatures wide discretion to pass legislation in areas where there is medical and scientific uncertainty.")).

- **Probative than Other Evidence**—As indicated in the State's advisory to the Court (D.E. 66), the State is unable to procure its declarants for live testimony on such short notice. The declarations are, thus, the most probative evidence available to the State at this time. *See El-Mezain*, 664 F.3d at 498 (noting that it is the proponent's burden to demonstrate trustworthiness and probative force).

- **Serve the Interests of Justice**—The State has proceeded in this lawsuit under the belief that the declarations of both parties would be admissible evidence, with the possibility that the plaintiffs may introduce additional live testimony. State's Advisory Regarding Trial Evidence (D.E. 66). Justice will be served if the State is permitted to proceed as it has always planned to do—on the papers. The plaintiffs' unilateral decision to alter the course of this lawsuit, to the extreme detriment of the State, should not be given effect. *See El-Mezain*, 664 F.3d at 498 (noting that Rule 807 is for "exceptional cases"). Further, there has been an opportunity for the plaintiffs to review and provide

rebuttal evidence as to each declaration.  *See* Plaintiffs' Rebuttal Declarations (D.E. 76.1-76.9) (referencing and responding to State Defendants' declarations).  Both sides have had adequate opportunity to present their positions.

The only remaining requirement under Rule 807 is that of notice under subsection (b).  The plaintiffs cannot deny that they were aware of the State's intention to rely on the declarations, as the parties have exchanged several phone calls and e-mails regarding the matter.  State's Advisory (D.E. 66); App'x to State's Advisory (D.E. 67).  "The notice requirement . . . is intended to afford the party against whom the statement is offered sufficient opportunity to determine its trustworthiness in order to provide a fair opportunity to meet the statement. It must be interpreted flexibly, with this underlying policy in mind."  *United States v. Evans*, 572 F.2d 455, 489 (5th Cir. 1978).  As noted above, the plaintiffs have responded through rebuttal declarations.  There is no question that sufficient notice was provided.

For these reasons, the Court should admit as evidence the State's declarations.  *See U.S. v. Loalza-Vasquez*, 735 F.2d 153, 157 (5th Cir. 1984) ("[D]istrict courts are given 'considerable discretion,' and a court of appeals will not disturb the district court's application of the exception 'absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors.'").

4

Date:   October 22, 2013                     Respectfully submitted.

                                             GREG ABBOTT
                                             Attorney General of Texas

                                             DANIEL T. HODGE
                                             First Assistant Attorney General

                                             /s/ Jonathan F. Mitchell
                                             JONATHAN F. MITCHELL
                                             Solicitor General
                                             State Bar No. 24075463

                                             ANDREW S. OLDHAM
                                             Deputy Solicitor General


                                             ARTHUR C. D'ANDREA
                                             BETH KLUSMANN
                                             PHILIP A. LIONBERGER
                                             MICHAEL P. MURPHY
                                             Assistant Solicitors General

                                             OFFICE OF THE ATTORNEY GENERAL
                                             P.O. Box 12548 (MC 059)
                                             Austin, Texas  78711-2548
                                             Tel.: (512) 936-1700
                                             Fax: (512) 474-2697
                                             jonathan.mitchell@texasattorneygeneral.gov

                                             COUNSEL FOR DEFENDANTS
                                             GREGORY ABBOTT, DAVID LAKEY,
                                             M.D., AND MARI ROBINSON

## CERTIFICATE OF SERVICE

I certify that on October 22, 2013, this document was served on counsel of record, via the Court's CM/ECF Document Filing System and/or electronic mail.

R. James George, Jr.
Elizabeth von Kreisler
Rico Reyes  *via electronic mail*
GEORGE BROTHERS KINCAID & HORTON LLP
1100 Norwood Tower
114 West 7th Street
Austin, TX 78701
(512) 495-1400
(512) 499-0094
jgeorge@gbkh.com
evonkreisler@gbkh.com
rreyes@gbkh.com

*Attorneys for all Plaintiffs*

Janet Crepps   *via electronic mail*
Esha Bhandari  *via electronic mail*
Jennifer Sokoler  *via electronic mail*
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(864) 962-8519 (Janet Crepps)
(917) 637-3600 (Bhandari & Sokoler)
jcrepps@reprorights.org
ebhandari@reprorights.org
jsokoler@reprorights.org

*Attorneys for Plaintiffs Whole Woman's Health, Austin Women's Health Center, Killeen Women's Health Center, Southwestern Women's Surgery Center, West Side Clinic, Inc., Alan Braid, M.D., Lamar Robinson, M.D., and Pamela J. Richter, D.O.*

Helene T. Krasnoff
Alice Clapman  *via electronic mail*
Planned Parenthood Federation of America
1110 Vermont Ave., N.W., Suite 300
Washington, D.C. 20005
(202) 973-4800
helene.krasnoff@ppfa.org
alice.clapman@ppfa.org

*Attorneys for Planned Parenthood Plaintiffs*

Brigitte Amiri  *via electronic mail*
Renée Paradis  *via electronic mail*
ACLU Foundation
Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7897
bamiri@aclu.org
rparadis@aclu.org

Rebecca L. Robertson  *via electronic mail*
American Civil Liberties Union of Texas
1500 McGowen Street, Suite 250
Houston, TX 77004
(713) 942-8146
rrobertson@aclutx.org

*Attorneys for Plaintiffs Routh Street Women's Clinic, Houston Women's Clinic, and Southwestern Women's Surgery Center*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Solicitor General